SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482
    Facsimile: (213) 894-3713
    Email:    jennifer.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>CURTIS AUDUN LARSSEN,<br>   aka "Curtis Telesio,"<br><br>            Defendant. | CR No. 16-270(A)-SJO<br><br>GOVERNMENT'S SUPPLEMENTAL SENTENCING POSITION FOR DEFENDANT CURTIS AUDUN LARSSEN; EXHIBIT H; EXHIBIT I FILED SEPARATELY UNDER SEAL<br><br>Hearing Date: 7-31-17<br>Hearing Time: 9:00 A.M. |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jennifer Chou, hereby files its supplemental sentencing position as to defendant CURTIS AUDUN LARSSEN, also known as "Curtis Telesio."

//

//

//

This supplemental sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 31, 2017                Respectfully submitted,

                                        SANDRA R. BROWN
                                      Acting United States Attorney

                                      LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                              /s/
                                      JENNIFER CHOU
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

## I. INTRODUCTION

Defendant CURTIS AUDUN LARSSEN, also known as "Curtis Telesio" ("defendant"), pleaded guilty on November 14, 2016, pursuant to an amended binding plea agreement (CR 36), to a single-count first superseding information ("FSI"), which charged defendant with use of a facility of interstate commerce to induce a minor to engage in criminal sexual activity, or enticement, in violation of 18 U.S.C. § 2422(b). On May 11, 2017, the government filed its sentencing position (CR 48), along with Exhibits A-F, which are incorporated herein by reference. On May 22, 2017, the Court rejected the binding plea agreement.

Defendant subsequently pleaded guilty to a second amended plea agreement (CR 68), which is non-binding, to the single-count FSI charging use of a facility of interstate commerce to induce a minor to engage in criminal sexual activity, or enticement, in violation of 18 U.S.C. § 2422(b).

On July 6, 2017, the Probation Office disclosed an updated Presentence Report ("PSR-2"), which reflected the provisions and stipulations set forth in the second amended plea agreement, and which recommended the following calculations of the United States

//
//
//

Sentencing Guidelines, Nov. 1, 2016 ed. ("U.S.S.G." or "Sentencing Guidelines"), to which the parties stipulated in paragraph 14 of the second amended plea agreement:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 32 | [USSG § 2G2.1(a)] |
| Victim Between 12 and 16 Years Old | : | +2 | [USSG § 2G2.1(b)(1)(B)] |
| Sexual Contact | : | +2 | [USSG § 2G2.1(b)(2)(A)] |
| Misrepresentation of Identity/ Use of a Computer or Internet | : | +2 | [USSG § 2G2.1(b)(6)] |
| Acceptance of Responsibility | : | -3 | [USSG § 3D1.1] |
| Total Offense Level | : | 35 | |

PSR ¶¶ 30-43.

The government concurs with the PSR's determination that defendant has a criminal history category of I. PSR-2 ¶¶ 47-49. With a total offense level of 35, the resulting Guidelines range is 168-210 months, or 14 to 17.5 years.

For the reasons set forth in the government's sentencing position of May 11, 2017, as well as the reasons set forth below, the government recommends that the Court impose the following sentence: a low-end term of imprisonment of 14 years, followed by lifetime period of supervised release with the terms and conditions set forth at paragraph 2(j) of the second amended plea agreement; restitution in the amount of $8,566 to victim S.H.; $1,000 to victim "Vicky;" $1,000 to victim "Sweet Sugar Pia;" $1,000 to victim "Marineland Sarah;" and $1,000 to victim "Jan Socks Sierra," for a total of $12,566, and a special assessment of $100. The government defers to the PSR's determination that defendant does not have the

ability to pay a fine and does not object to a waiver of the fine. PSR-2 ¶ 93.

**II.   ANALYSIS OF THE SECTION 3553(A) FACTORS**

The government submits that the factors set forth at 18 U.S.C. § 3553(a) would be fulfilled by a sentence of 14 years, which is at the low end of the applicable Guidelines sentencing range.  The § 3553(a) factors this sentence.

### A.   <u>18 U.S.C. § 3553(a)(1)</u>

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant.  Defendant's conduct is serious, and the Guidelines take into account the nature of his offense and the age of victim S.H.  There are a number of mitigating factors that justify imposition of a low-end sentence of 14 years for this defendant. First, defendant's has no criminal history whatsoever, which is reflected in his criminal history category.  Additionally, defendant appears to suffer from mental health issues, including "Persistent Depressive Disorder" and "Obsessive-Compulsive Disorder," resulting in severe symptoms of depression and anxiety.  Defendant is taking medication for these symptoms.  PSR-2 ¶¶ 67, 70-73.  Additionally, defendant's father appears to have been mentally and verbally abusive, calling defendant a "disgrace," "faggot," "gay," and "pussy," and forcing defendant, who was then younger than 14 years old, to watch pornography during defendant's custody visits with his father.  PSR-2 ¶¶ 57-58.  Defendant was also victimized by his brother, Christopher, who once nearly shot defendant in the head with a loaded firearm, and from whom defendant has been estranged for more than 20 years.  PSR-2 ¶ 59.  Defendant appears to have a

strong relationship with his mother. On balance, a low-end sentence of 14-years is thus appropriate.

### B. 18 U.S.C. § 3553(a)(2)

Section 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of defendant, and to provide defendant with any needed training and treatment. These factors also support a sentence of 14 years' imprisonment with a lifetime period of supervised release, which should deter not only defendant but also similarly-situated potential offenders from engaging in future offenses. In mitigation, defendant has never been convicted of a crime or served any custodial time separate from this case, and a 14-year sentence should therefore afford significant deterrence. Additionally, defendant will be supervised by the Probation Office for the rest of his life upon his release from custody, which will help defendant to continue receiving treatment and help that he needs, as well as to ensure that he does not re-offend.

### C. 18 U.S.C. § 3553(a)(6)

18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparity among similarly-situated defendants. Using the Sentencing Guidelines to sentence defendant accomplishes this goal. The requested sentence is at the low end of the Guidelines range. Similarly-situated defendants with the same criminal history category and similarly mitigating circumstances, such as defendant's difficult upbringing and mental health issues, would likely receive a similar sentence. While in custody, defendant can receive mental

4

health treatment and sex therapy, and he can also take advantage of training and educational programs, and the period of supervised release can provide him with resources to re-integrate into society after his release from custody. The government submits that a low-end sentence of 14 years takes into account the severity of the conduct and defendant's many mitigating characteristics.

      **D.**    **THE REMAINING 3553(a) FACTORS ALSO SUPPORT THE SENTENCE REQUESTED BY THE GOVERNMENT**

Section 3553(a)(3) requires the Court to consider the kinds of sentences available. A 14-year period of imprisonment, followed by a lifetime period of supervised release, is a fair sentence, given the scope of potential harm of defendant's offense, and provides punishment that is sufficient but not greater than necessary to address the offense.

Sections 3553(a)(4) and (5) now require the Court to take the sentencing Guidelines as "advisory."

**III. RESTITUTION AND VICTIM IMPACT STATEMENTS**

The victim impact statements were attached to the government's sentencing position of May 11, 2017, and are incorporated by reference herein. Defendant has stipulated that victim "H" from the "Balletgirl" series, victim "KY" from the "Dalmations" series, victim "Sierra" from the "Jan Socks" series, victim "Sarah" from the "Marineland" series, victim "Pia" from the "Sweet Sugar" series, and the victims from the "Tara," "Jenny," "Hawaiian Purple," and "Vicky" series are victims of his criminal conduct. Second Amended Plea Agreement ¶ 12. The government, on behalf of the victims, asks the Court to find that these victims, as well as victim S.H., are the

5

victims of his criminal conduct, and to include such finding in the final judgment and order and statement of reasons.

Defendant has agreed to pay restitution. Second Amended Plea Agreement ¶¶ 2(i), 2(j)(xvii), 8. Restitution is mandatory under 18 U.S.C. § 3663A. Five victims thus far have requested restitution.

The restitution requests of four of the victims, "Vicky," "Pia," "Sarah," and "Sierra," who are the victims depicted in some of the child pornography that defendant possessed, were submitted as Exhibits C-F to the government's sentencing position of May 11, 2017. Defendant has stipulated, with the approval of the victims' counsel, to restitution in the amount of $1,000 for each of these four victims. The stipulation regarding this restitution, which was signed by all parties on May 22, 2017, is attached as Exhibit H. As noted in paragraph 11 of the stipulation, at the time the parties signed the stipulation, no other victims had requested restitution, but that defendant understood that additional victims could petition the Court for an amended restitution order.

In fact, shortly after the stipulation was signed by the parties, victim S.H. orally notified the government that she would be seeking victim counseling as a result of defendant's crime and would seek restitution in the amount of the cost of the counseling sessions. Victim S.H.'s written restitution request, which the government received on July 17, 2017, is attached at Exhibit I, filed separately under seal ("Ex. I"). On July 13, 2017, the government received a letter from her treatment provider, the Harborview Center for Sexual Assault and Traumatic Stress, which is also at Exhibit I. See Ex. I at 2. The treatment provider has advised that victim S.H. is expected to complete approximately 20

counseling sessions, and that the cost of each session is approximately $428.30, for a total cost of $8,566. Id. The government has provided this information to defendant. The government thus requests that the Court order that defendant pay victim S.H. restitution in the amount of $8,566.[1]

**IV. CONCLUSION**

For all the foregoing reasons, the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a sentence of 14 years' imprisonment, followed by a lifetime period of supervised release with the stipulated terms and conditions set forth in the second amended plea agreement, restitution in the amount of $9,566, and a special assessment of $100.

---

[1] As victim S.H. indicated in her restitution request, she is simultaneously seeking funding for counseling from the crime victims' compensation fund, in the event that defendant is unable to pay the full amount of restitution to her immediately. Should the compensation fund agree to provide her financial assistance for counseling, the government can notify the Court and the Probation Office and seek a modification of the restitution order to have defendant pay back the compensation fund.

7